UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH F.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:20-CV-36-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly evaluated Drs. Holly Petaja, Vincent Gollogly, and Diane Fligstein's opinions. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

1

2

<u>FACTUAL AND PROCEDURAL HISTORY</u>

3

On April 7, 2017, Plaintiff filed an application for SSI, alleging disability as of December

4

14, 2017. *See* Dkt. 17, Administrative Record ("AR") 15. The application was denied upon initial

5

administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Timothy

6

Mangrum on August 23, 2018. *See* AR 15. In a decision dated January 28, 2019, the ALJ

7

determined Plaintiff to be not disabled. *See* AR 25. Plaintiff's request for review of the ALJ's

8

decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

9

Commissioner. *See* AR 12; 20 C.F.R. § 404.981, § 416.1481.

10

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly evaluating the

11

medical opinion evidence. Dkt. 19. As a result of this alleged error, Plaintiff requests an award of

12

benefits. *Id.*

13

<u>STANDARD OF REVIEW</u>

14

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15

social security benefits if the ALJ's findings are based on legal error or not supported by

16

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

17

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18

<u>DISCUSSION</u>

19

**I.      Whether the ALJ properly considered the medical opinion evidence.**

20

Plaintiff argues the ALJ improperly found Dr. Petaja's opinion less persuasive. Dkt. 19, pp.

21

3-13. Plaintiff further argues the ALJ improperly found Drs. Vincent Gollogly and Diane

22

Fligstein's opinions more persuasive. *Id.* at pp. 14-15.

23

24

A.  <u>Standard of Review</u>

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff filed his claim for SSI on April 7, 2017, the ALJ applied the new regulations. *See* AR 23-24.

In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR") 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R.

2    §§ 404.1520c(b)(2), 416.920c(b)(2).

3          The parties dispute whether current Ninth Circuit law applies to this case. *See* Dkts. 19, 20.

4    The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for

5    rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*,

6    81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988);

7    *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's

8    opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific

9    and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

10   830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

11   F.2d 499, 502 (9th Cir. 1983)).

12         At this time, the Ninth Circuit has not issued a decision stating whether it will continue to

13   require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some

14   variation of those standards, when analyzing medical opinions. Regardless, it is not clear the

15   Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs

16   from the current Ninth Circuit standards in any significant respect. The new regulations require the

17   ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ

18   considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a),

19   (b). The new regulations appear to, at the least, require an ALJ to specifically account for the

20   legitimate factors of supportability and consistency in addressing the persuasiveness of a medical

21   opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported

22   by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current

23

24

1  rules have focused more on whether we sufficiently articulated the weight we gave treating source

2  opinions, rather than on whether substantial evidence supports our final decision.").

3       Therefore, based on the above considerations, the Court will determine whether the ALJ's

4  decision is free of legal error and supported by substantial evidence.

5       B.  Dr. Petaja

6       In May 2017, Dr. Petaja, a clinical psychologist, performed a psychological evaluation of

7  Plaintiff on behalf of the Washington State Department of Social and Health Services ("DSHS").

8  AR 407-411. Dr. Petaja performed a clinical interview and mental status exam (MSE") of Plaintiff

9  and diagnosed him with PTSD, unspecified depressive disorder, unspecified schizophrenia

10 spectrum and other psychotic disorder, and attention deficit hyperactivity disorder. AR 409. She

11 opined, in check-the-box format, Plaintiff was markedly limited in understanding, remembering,

12 and persisting in tasks by following detailed instructions, and in performing activities within a

13 schedule, maintaining regular attendance, and being punctual within customary tolerances without

14 special supervision. AR 409. Dr. Petaja further opined Plaintiff had marked limitations in

15 communicating and performing effectively in a work setting and in completing a normal work day

16 and work week without interruptions from psychologically based symptoms. AR 410.

17      The ALJ found Dr. Petaja's opinion less persuasive for five reasons: (1) Dr. Petaja

18 "reviewed few records and no treatment notes" prior to her evaluation of Plaintiff; (2) she did not

19 explain the basis for each of her assessed limitations; (3) it is inconsistent with the MSE she

20 performed of Plaintiff; (4) it is inconsistent with Plaintiff's "generally unremarkable presentations"

21 throughout the record; and (5) Dr. Petaja infringed on an issue reserved to the Commissioner. AR

22 24.

23

24

1    First, the ALJ found Dr. Petaja's opinion less persuasive because she "reviewed few

2   records and no treatment notes" prior to her evaluation of Plaintiff. AR 24. The ALJ failed to

3   explain why Dr. Petaja's failure to review records discredits her opinion. *See* AR 24. Defendant does

4   not cite, nor does the Court find, authority holding an examining doctor's failure to supplement his or

5   her own examination and observations with additional records is alone a reason free of legal error

6   and supported by substantial evidence for finding an opinion less persuasive. Accordingly, the ALJ's

7   first reason for finding Dr. Petaja's opinion less persuasive is not free of legal error and supported by

8   substantial evidence.

9    Second, the ALJ found Dr. Petaja's opinion less persuasive because she did not explain the

10   basis for each of her assessed limitations. AR 24. Dr. Petaja opined to the above limitations using a

11   DSHS form, which asks medical professionals to check boxes indicating to what extent a claimant

12   is limited in a list of basic work activities. *See* AR 409-410. An ALJ may "permissibly reject[ ] ...

13   check-off reports that [do] not contain any explanation of the bases of their conclusions."

14   *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012) (internal quotation marks omitted)

15   (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, opinions in check-the-box

16   form can be found persuasive when adequately supported. *Neff v. Colvin*, 639 Fed. Appx. 459

17   (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995,

18   1013 (9th Cir. 2014)).

19    Here, Dr. Petaja's opinion was not confined to a check-the-box form. Dr. Petaja

20   completed a DSHS evaluation form. *See* AR 407-411. While the limitations she opined to were

21   in "check-off" format, Dr. Petaja's opinion includes notes from her clinical interview, clinical

22   findings, and an MSE of Plaintiff. *See* AR 407-411. Dr. Petaja's report detailed abnormal test

23   results which are relevant to the limitations she opined to. For example, she noted Plaintiff's

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

mood was dysthymic and his affect was anxious/irritable. AR 411. She also found Plaintiff's

memory and concentration were not within normal limits. AR 411. Dr. Petaja diagnosed

Plaintiff with PTSD, unspecified depressive disorder, unspecified schizophrenia spectrum and

other psychotic disorder, and attention deficit hyperactivity disorder. AR 409. As Dr. Petaja's

opinion included testing and results relevant to the opined limitations, her opinion was not

confined to a check-the-box form. Accordingly, the ALJ's finding that Dr. Petaja's opinion was

less persuasive because she did not explain the basis for the limitations she opined to is not a

reason free of legal error and supported by substantial evidence. *See Smith v. Astrue*, 2012 WL

5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting a medical

opinion as a "check-off" report where the provider "conducted a clinical interview, [and]

report[ed] his findings and observations" in the report).

Third, the ALJ found Dr. Petaja's opinion less persuasive because "does not seem

consistent" with the MSE she performed of Plaintiff. AR 24. An ALJ may discount a doctor's

opinion if the doctor's clinical notes and recorded observations contradict the doctor's opinion.

*Bayliss*, 427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding

the ALJ's rejection of a doctor's opinion because it was internally inconsistent); *Melton v.

Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir. 2011) (finding the ALJ

reasonably relied on an internal inconsistency when discrediting a doctor's opinion). Here, as

discussed above, Dr. Petaja conducted a clinical interview, discussed her clinical findings,

performed an MSE of Plaintiff, and made diagnoses. *See* AR 407-411. Thus, in this instance, the

ALJ relied on the same results from Dr. Petaja's psychological evaluation of Plaintiff and came to

a different conclusion. *Compare* AR 24 *with* AR 407-411. The ALJ is "simply not qualified to

interpret raw medical data in functional terms…" *Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1    1999); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including

2    administrative law judges . . . must be careful not to succumb to the temptation to play doctor").

3            Furthermore, the ALJ did not adequately explain how the results of the MSE were

4    inconsistent with Dr. Petaja's opined limitations. The ALJ concluded Dr. Petaja's opinion that

5    Plaintiff is markedly limited in communicating effectively is inconsistent with Plaintiff's

6    presentation during the evaluation—namely, that he was polite and cooperative and had normal

7    speech and eye contact. AR 24. Merely because Plaintiff was polite and cooperative and had

8    normal speech and eye contact during the evaluation is not conclusively inconsistent with Dr.

9    Petaja's opinion. The ALJ was required to further explain his reasoning and failed to do so. *See*

10   *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical

11   bridge from the evidence to [his] conclusions" so that the court "may afford the claimant

12   meaningful review of the SSA's ultimate findings"). Accordingly, the ALJ's third reason for

13   finding Dr. Petaja's opinion less persuasive is not free of legal error and supported by substantial

14   evidence.

15           Fourth, the ALJ found Dr. Petaja's opinion less persuasive because it is inconsistent with

16   the record. AR 24. An ALJ need not accept an opinion which is inadequately supported "by the

17   record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

18   2004); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). But it is error for an ALJ to selectively focus

19   on evidence that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d

20   1152, 1156 (9th Cir. 2001).

21           Here, the ALJ made a general reference to treatment notes and discussion at finding #4 of

22   his decision and indicated they provide support for finding Dr. Petaja's opinion less persuasive

23   because it is inconsistent with the record. AR 24. There, the ALJ provided multiple citations

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1   showing Plaintiff demonstrating a generally unremarkable presentation. *See* AR 24, citing AR 560,

2   562, 565, 574, 581, 598, 605-606, 608, 615, 617, 620, 626-627, 629, 638, 696-698, 719, 723, 730,

3   732, 744. However, other notes show Plaintiff demonstrated an abnormal presentation at times. For

4   example, one provider wrote that Plaintiff presented with an aloof body posture, maintained

5   minimal eye contact, and had a blunted affect. AR 559-560. Later, that same provider noted

6   Plaintiff presented with a morose/tense mood and guarded appearance. AR 556-567. At one point,

7   Plaintiff "became hostile" with this provider. AR 573. Another provider observed Plaintiff's

8   speech was quick at times and he was disorganized and tangential, and noted Plaintiff attempted

9   suicide at one point. AR 570. In one instance, Plaintiff mood was observed to fluctuate "between

10  calm and angry." AR 598. Plaintiff's speech was observed to be "unusually slow" and "simple[.]"

11  *See* AR 628-629.

12         Thus, the ALJ's references to the record indicate a selective focus on evidence which

13  supports his conclusion while ignoring evidence which contradicts it. This is error. *See Edlund*,

14  253 F.3d at 1156; *see also See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error

15  for the ALJ to ignore or misstate competent evidence in order to justify a conclusion).

16  Accordingly, the ALJ's fourth reason for finding Dr. Petaja's opinion less persuasive is not free of

17  legal error and supported by substantial evidence.

18         Fifth, the ALJ found Dr. Petaja's opinion less persuasive because she opined Plaintiff

19  "cannot maintain regular attendance or complete a normal workday/workweek on a regular basis"

20  which the ALJ thought was "essentially a finding that [Plaintiff] cannot work," and thus was a

21  legal conclusion reserved to the Commissioner. AR 24. The Ninth Circuit has determined a

22  doctor's opinion that a claimant "would be 'unlikely' to work full time" was not a finding on an

23  issue reserved to the Commissioner, and was "instead an assessment, based on objective medical

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v.*

*Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original). Here, the Court finds Dr.

Petaja's opinion was an assessment, based on her examination of Plaintiff, of Plaintiff's

likelihood of being able to maintain employment. The Court, therefore, finds Dr. Petaja's

statement is not a finding on an issue reserved for the Commissioner. Thus, Defendant's fifth

argument is unpersuasive and is not free of legal error and supported by substantial evidence.

 For the above stated reasons, the Court finds the ALJ failed to provide reasons free of

legal error and supported by substantial evidence for finding Dr. Petaja's opinion less persuasive.

Accordingly, the ALJ erred.

 "[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at

1115. An error is harmless, however, only if it is not prejudicial to the claimant or

"inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner,*

*Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The

Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can

confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless

requires a "case-specific application of judgment" by the reviewing court, based on an

examination of the record made "'without regard to errors' that do not affect the parties'

'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

407 (2009)).

 Had the ALJ found Dr. Petaja's opinion persuasive, the ALJ may have included

additional limitations in the residual functional capacity ("RFC"). For example, Dr. Petaja opined

1   Plaintiff was markedly limited in completing a normal work day and work week without

2   interruptions from psychologically based symptoms. AR 410. By contrast, in the RFC, the ALJ

3   did not include any limitations regarding absenteeism. *See* AR 20. Therefore, if Dr. Petaja's

4   opinion was found to be persuasive and additional limitations were included in the RFC and in

5   the hypothetical questions posed to the vocational expert ("VE"), the ultimate disability

6   determination may have changed. Accordingly, the ALJ's errors are not harmless and require

7   reversal. The ALJ is directed to reassess Dr. Petaja's opinion on remand.

8         C.  Drs. Gollogly and Fligstein

9         Plaintiff argues the ALJ improperly found Drs. Gollogly and Fligstein's opinions more

10  persuasive. Dkt. 19, pp. 14-15.

11        Dr. Gollogly, an SSA consultant, opined Plaintiff is capable of non-complex and some

12  complex well-learned tasks, is capable of completing a normal workday and workweek, and

13  would do best with superficial public contact. AR 74-76. Dr. Fligstein, also an SSA consultant,

14  opined Plaintiff was capable of simple routine tasks, completing a normal workday and

15  workweek with normal breaks, and should have no public contact and only superficial contact

16  with supervisors and coworkers. AR 92.

17        The ALJ found both opinions persuasive, saying:

18        The consultants are familiar with Social Security disability criteria, they reviewed
          extensive records, and they pointed to evidence of record to substantiate their
19        opinions. Their opinions are generally consistent with the overall record, as
          discussed above at finding #4.
20
    AR 23.
21
          "The ALJ must do more than offer his conclusions." *Embrey*, 849 F.2d at 421-422. An
22
    ALJ merely offers his conclusion when his statement "stands alone, without any supporting
23
    facts…" *Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016).
24

1    Here, the ALJ failed to offer a substantive basis supported by substantial evidence for

2    finding Drs. Gollogly and Fligstein's opinions more persuasive. Instead, the ALJ merely states

3    that both doctors are familiar with SSA disability criteria, they reviewed extensive records, and

4    their opinions are consistent with the record. The ALJ did not provide any further support for

5    these conclusions and made no citations to the record. Without providing more analysis or

6    support, the ALJ's reasoning is, by definition, conclusory. Further, merely stating the doctors are

7    familiar with SSA regulations, they reviewed extensive records, and their opinions are consistent

8    with the record "does not achieve the level of specificity our prior cases have required…" *See*

9    *Embrey*, 849 F.2d at 421-422. Thus, the ALJ's reasons for finding Drs. Gollogly and Fligstein's

10   opinions more persuasive are not free of legal error and supported by substantial evidence.

11   Accordingly, the ALJ erred and is directed to re-evaluate Drs. Gollogly and Fligstein's opinions

12   on remand.

13       **II.     Whether this case should be remanded for an award of benefits.**

14       Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

15   Dkt. 19, pp. 15-16. The Court may remand a case "either for additional evidence and findings

16   or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when

17   the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to

18   remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379

19   F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

20   determining when evidence should be credited and an immediate award of benefits directed[.]"

21   *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be

22   awarded where:

23       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
         claimant's] evidence, (2) there are no outstanding issues that must be resolved

24

before a determination of disability can be made, and (3) it is clear from the record
that the ALJ would be required to find the claimant disabled were such evidence
credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.
2002).

The Court has directed the ALJ to reconsider the opinions of Drs. Petaja, Gollogly, and

Fligstein on remand. *See* Section I, *supra*. For this reason, the Court finds there are outstanding

issues that must be resolved concerning Plaintiff's functional capabilities and his ability to

perform jobs existing in significant numbers in the national economy. Therefore, remand for

further administrative proceedings is appropriate.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

this matter is remanded for further administrative proceedings in accordance with the findings

contained herein.

Dated this 16th day of December, 2020.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13